■ STATE OF NEW YORK, Respondent, v WILLIETTA WELCH-RICHARDS, Appellant. [618 NYS2d 923] —Mercure, J. Appeals (1) from an order of the Supreme Court (Conway, J.), entered June 18, 1993, which denied defendant's motion and granted plaintiff's cross motion for summary judgment, and (2) from an order of said court, entered July 13, 1993 in Albany County, which denied defendant's motion for reconsideration of the prior motions.

Defendant was employed by the State Division for Youth (hereinafter DFY) as a Youth Division Aide from June 1986 to November 1991. Defendant served as houseparent at a resident group home for children; her responsibilities included menu planning, the purchase, storage and inventory of food, meal preparation, resident supervision, counseling, crisis intervention and conflict mediation. Defendant's scheduled work week was Monday through Friday, 7:00 A.M. to 8:00 P.M., for a total of 13 hours per day and 65 hours per week. On July 13, 1989, plaintiff entered into a consent judgment in an action brought against it by the United States Secretary of Labor alleging violations of the Fair Labor Standards Act. As part of the consent judgment, plaintiff was ordered to pay overtime

compensation to certain DFY employees, including defendant. Based upon defendant's classification at that time as a full-time employee, her share of the judgment was calculated to be $60,801.87, to be paid to her in three annual installments of $20,565.51, beginning on August 2, 1989. The first installment was paid on a timely basis, but defendant was advised on May 2, 1990 that the second installment, scheduled to be paid on May 23, 1990, was to be withheld pending a postaudit review of her time records.

An internal audit was thereafter conducted of the time sheets of employees of DFY's Syracuse Youth Development Center group home, as a result of which plaintiff made a determination that defendant had been improperly classified as a full-time employee because she did not sleep at the group home. Specifically, plaintiff determined that, because defendant "shared" a full-time position with another employee who manned the facility from 8:00 P.M. to 7:00 A.M., she was entitled only to part-time pay and, accordingly, had been overpaid salary of $30,532.31. Between November 7, 1990 and the termination of defendant's employment on November 6, 1991 plaintiff recouped $6,284.80 from defendant's pay, leaving a balance, after credits for accrued leave and sums due defendant under the consent judgment, of $4,919.48. Plaintiff brought this action to recover that sum.

Following joinder of issue, defendant moved for summary judgment dismissing the complaint upon the ground that the action was barred by State Finance Law § 200 (3), which precludes plaintiff's recovery of overpayment of salary made "as a result of an administrative error" (State Finance Law § 200 [3] [a]) except, as relevant to this appeal, "for a period when the employee was neither performing services for the state nor on approved leave" (State Finance Law § 200 [3] [b] [ii]) or "under circumstances where the comptroller reasonably determines that the employee knew, or that a reasonable employee should have known, that the salary paid to him or her was in excess of that which he or she was entitled to receive" (State Finance Law § 200 [3] [b] [iii]). Plaintiff cross-moved for summary judgment, contending that defendant's case fell within the exceptions of State Finance Law § 200 (3) (b) (ii), because she was not "performing services" for plaintiff between the hours of 8:00 P.M. and 7:00 A.M., and section 200 (3) (b) (iii), because defendant, as a reasonable person, should have known that she was being compensated for time in excess of what she actually worked. Crediting both contentions, Supreme Court denied defendant's motion and granted

plaintiff's cross motion. It further denied defendant's subsequent motion to reargue or renew. Defendant appeals from each of Supreme Court's orders.

In our view, there is considerable merit to the arguments advanced by defendant on appeal. Initially, we reject plaintiff's construction of State Finance Law § 200 (3) (b) (ii) as contrary to the plain language of the statutory provision and the clear purpose underlying it (see, McKinney's Cons Laws of NY, Book 1, Statutes § 76). Manifestly (except in the case of approved leave, which is not at issue here), an employee could not realistically believe that she was entitled to salary for a period during which she performed no services. Thus, in such a case, there is no reason for an examination of the employee's subjective belief. Conversely, for periods when the employee did perform services, and thus had a reasonable expectation of compensation, the focus is properly on her subjective belief concerning the *amount* of compensation due her. Consistent with this analysis, it strikes us as obvious that the "period" at issue in State Finance Law § 200 (3) (b) (ii) is not the time of day when the employee was or was not on the job, as plaintiff would have us believe, but the actual biweekly pay periods for which wages were paid. Here, because defendant performed services for plaintiff throughout the period for which she was paid, State Finance Law § 200 (3) (b) (ii) has no application.

Turning now to the contentions based upon State Finance Law § 200 (3) (b) (iii), the uncontroverted evidence adduced on the motion and cross motion is that defendant did not know that her position was technically classified as part-time. Obviously, the fact that defendant was working "only" a 65-hour week would not alert her to the fact. Further, defendant alleged in her affidavit that she was advised by the employer when hired that the position was full-time, that the position was similarly classified as full-time during the tenure of her predecessors, who worked the same 13-hour days, that correspondence from DFY indicated that the position was full-time, and that defendant's time sheets, regularly submitted in connection with her job, reflected the hours actually worked. In opposition, plaintiff established only that further indicia of defendant's employment, including the deduction of meal maintenance amounts from her salary, her receipt of continuous inconvenience pay and her use of "overtime ineligible" time records, were consistent with full-time employment. We view these factors as further support for defendant's position that she had good reason to believe her position was full-time.

Although defendant makes a strong argument for a grant of summary judgment in her favor, questions concerning a party's subjective belief or intent are best resolved by the trier of fact *(see, e.g., Schwartz v Marien,* 37 NY2d 487, 492-493).

In view of our resolution of the motion and cross motion for summary judgment, we need not consider whether Supreme Court erred in denying defendant's motion to renew.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order entered June 18, 1993 is modified, on the law, with costs to defendant, by reversing so much thereof as granted plaintiff's cross motion; cross motion denied; and, as so modified, affirmed. Ordered that the appeal from order entered July 13, 1993 is dismissed, as academic.